IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:01-CR-143-BO-1

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | )  **O R D E R** |
| | ) |
| LASHAWN DEMONT TINSLEY. | ) |

This matter is before the Court on defendant's *pro se* motion for early termination of his probation. [DE 51]. The government has responded and the matter is ripe for disposition. For the following reasons, defendant's motion is denied.

## BACKGROUND

On June 17, 2002, defendant pleaded guilty to Possession with Intent to Distribute not less than 50 grams of Crack Cocaine and Possession of a Firearm During and in Relation to a Drug Trafficking Offense. On November 1, 2002, the defendant was sentenced to 200 months' imprisonment followed by 5 years' supervised release and ordered to pay a $200.00 special assessment.

On March 18, 2009, the Court granted defendant's motion for retroactive application of sentencing guidelines to crack cocaine offense, and reduced defendant's sentence to 120 months' imprisonment. On March 19, 2011, the Court denied defendant's motion for reduction of sentence-crack cocaine offense 18 to 1. Defendant's supervised release commenced on January 8, 2016.

On January 13, 2017, defendant filed a motion for early termination of probation, which the Court has interpreted as a motion for early termination of supervised release. [DE 51]. Defendant seeks relief on the grounds that he has (1) maintained employment, (2) re-enrolled at

Johnston Community College to complete his degree in business administration, (3) obtained his driver's license, (4) supported his family, and (5) complied with all conditions of his supervised release. The government responded, opposing the motion. [DE 54].

## DISCUSSION

Pursuant to 18 U.S.C. § 3583(e)(1), the Court may "terminate a term of supervised release and discharge the defendant" after the defendant has served one year of supervised release provided that certain conditions are met. First, the Court must consider certain factors set forth in 18 U.S.C. § 3553(a). Considerations contained in § 3553 include, *inter alia*, the nature and circumstances of the offense and the history and characteristics of the defendant; the ability to afford adequate deterrence to criminal conduct; the need to protect the public from further crimes of the defendant; and the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. *Id.* Second, the Court may terminate supervised release only "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1); *see also United States v. Pregent*, 190 F.3d 279, 283 (4th Cir. 1999) ("The conjunction 'and' used in the statute . . . clearly indicates that a district court must conclude that the early termination of supervised release is warranted by both the individual's conduct and also by the interest of justice.").

While the Court commends defendant for his behavior while on supervised release, all defendants are required to comply fully with the terms of their supervised release, and such compliance is insufficient to warrant early termination. *See Folks v. United States*, 733 F. Supp. 2d 649, 652 (M.D.N.C. 2010) (collecting cases) ("[a]lthough [the defendant's] ongoing and full compliance with all conditions of supervised release, including payment of the fine and

restitution, is commendable, in the end that is what is required to all criminal defendants and is not a basis for early termination of his supervised release."). Additionally, defendant has presented no evidence, unusual, exceptional, or otherwise, to warrant early termination. Upon review of defendant's motion and consideration of the relevant § 3553(a) factors, the Court finds that defendant's supervised release term remains sufficient but not greater than necessary to serve the interests of justice. Accordingly, in its discretion, the Court declines to terminate defendant's term of supervised release early.

## CONCLUSION

For the foregoing reasons, defendant's motion [DE 51] on is DENIED.

SO ORDERED, this 15 day of May, 2017.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

3